AUGUST HOERR v. THE STATE.

1. VARIANCE BETWEEN AFFIDAVIT AND INFORMATION. — In prosecutions by information, an affidavit is as indispensable as the information, and both must substantially describe the same offense.

2. SAME — TIME. — An information charged a theft to have been committed on the first day of August, 1877, whereas the affidavit charged the time as on or about the first day of September of the same year.  *Held,* that the variance is fatal to the conviction, and the cause is dismissed.

APPEAL from the County Court of Dallas.    Tried below before the Hon. R. H. WEST, County Judge.

The charge was the theft of five soda-water bottles, worth 12 cents each.

*Thurmond & Willard,* and *J. J. Brooks,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J.   The affidavit for the arrest of the appellant, and upon which the information upon which he was tried was based, charges the commission of the offense " on or about the first day of September, A. D. 1877." The information charges that the offense was committed " on the first day of August," 1877.

Section 8 of the County Court Act of the Fifteenth Legislature (Gen. Laws 1876, p. 20) lays down the manner of commencing prosecutions by informations in the County Court, and, agreeably to its provisions, both an affidavit and an information are required. Neither one would be sufficient without the other, and both should describe the same offense, at least substantially. In the present case the variance between the affidavit and the information in the description of the offense is fatal to this prosecution.

The judgment of the County Court is reversed and the case dismissed.

*Reversed and dismissed.*